# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.:** 3:22cv061-MPM-JMV
                                                   **JURY TRIAL DEMANDED**

**DARLENE JOHNSON**                                                             **DEFENDANT**

## COMPLAINT

Pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("FCA"), the United States of America files this Complaint against the Defendant for violations of the FCA and supplemental claims for unjust enrichment, as follows:

## JURISDICTION AND VENUE

1. The United States of America brings this action under the Act to recover money damages and civil penalties arising out of the presentation by Defendant of false and fraudulent claims, false or fraudulent records, statements, or claims, or any combination thereof to a financial institution and federal agency to obtain money.

2. Under § 3732 of the Act, this Court has exclusive jurisdiction over actions brought under the Act and supplemental jurisdiction under 28 U.S.C. § 1367 over claims arising from the subject transactions. Jurisdiction is also conferred under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and 3732(a) of the FCA as the subject transactions took place in the Northern District of Mississippi – specifically the Oxford Division.

## PARTIES

4. Plaintiff, United States of America, guarantees and funds certain loans through the Small Business Administration ("SBA").

5. Defendant, Darlene Johnson, is a resident of Yalobusha County, Mississippi.

## The Paycheck Protection Program

6. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). The program was modified and extended thereafter.

7. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

8. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by

the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

9. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

10. In obtaining a PPP loan an eligible recipient shall make the following good faith certification:

    a. That the uncertainty of current economic conditions makes necessary the loan request to support the ongoing operations of the eligible recipient;

    b. The applicant was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC.

    c. Acknowledging that funds will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments;

    d. Acknowledging understanding that if the funds are knowingly used for unauthorized purposes, the federal government may find the individual legally liable for such charges as fraud and that not more than 25 percent of loan proceeds may be used for non-payroll costs;

    e. Documentation verifying the number of full-time equivalent employees on payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities of the eight-week period following this loan will be provided to the lender;

    f.    That the eligible recipient does not have an application pending for a loan under this subsection for the same purpose and duplicative of amounts applied for or received under a covered loan;

    g.    During the period beginning on February 15, 2020 and ending on December 31, 2020, that the eligible recipient has not received amounts under this subsection for the same purpose and duplicative of amounts applied for or received under a covered loan;

    h.    That the information provided in the application and the information provided in all supporting documents and forms are true and accurate in all material respects.

    i.    That the applicant understands that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine up to $250,000.00; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000.00; and, if submitted by a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.00; and

    j.    That the lender will confirm the eligible loan amount using tax documents submitted by the applicant. The applicant affirms that these tax documents are identical to those submitted to the Internal Revenue Service.

### *Allegations*

11. A certified claim for payment submitted to the bank or non-bank lender, and/or SBA, which the claimant knows, or should know, was not supplied in compliance with SBA's rules and regulations, and which the loan is forgiven, constitutes a false claim under the False Claims Act.

Upon information and belief, Defendant, Darlene Johnson, was individually involved in procuring and submitting the subject loan with the assistance of an unnamed individual (Individual 1) and submitting or causing the false claims to be submitted, and/or receiving payment or benefits from the scheme complained of.

12. The Defendant submitted false claims for loans to be guaranteed by the Small Business Administration (SBA) pursuant to the Paycheck Protection Program §1102 (PPP) of the CARES Act which was approved on or about April 22, 2021. First, the Defendant misrepresented the payroll costs which were used in calculating the maximum loan amount for which Defendant was eligible. This misrepresentation caused Defendant to receive loan proceeds well in excess of what she would be entitled, if any at all. Second, Defendant knowingly used the funds received for unauthorized purposes. Based upon the false representations, the SBA forgave the subject loan on or about October 4, 2021, and therefore the United States was damaged for the full amount of the loan and the origination fee paid to the lender in the amount of $20,897.77, any other costs or interest, together with all statutory fines and penalties.

13. On or about March 9, 2022, an investigator with the affirmative civil enforcement unit of the United States Attorney's Office for the Northern District of Mississippi spoke with Defendant Johnson at its office at 900 Jefferson Avenue, Oxford, Mississippi.

14. In sum and substance, Johnson relayed the following during the interview:

   a. Johnson purported to operate a self-employed daycare business, NAICS 624410. Johnson did not actually operate such a business.

   b. Johnson did not earn the requisite income during the covered period that would yield the amount of the loan received. According to the maximum loan amount guidelines, this means that Johnson should have total eligible payroll costs of an

    average of $100,000+ for the twelve months preceding the loan. Johnson had no such payroll costs.

    c. Johnson confirmed that she electronically signed the PPP application and submitted it with the assistance of Individual 1 to Bank 1. Upon receipt of the funds, Johnson paid a $5,000 commission to Individual 1 in cash.

    d. Johnson confirmed that she did not supply Individual 1 with any supporting documentation that would justify the loan amount, that Individual 1 generated and prepared all of the necessary loan information, and that Johnson knew the loan was false

    e. Johnson confirmed the certifications that she submitted were therefore false.

15. False calculations and documents were submitted to the financial institution and/or the SBA which misrepresented the amount of eligible payroll for Johnson. These false claims in the loan application and forgiveness application were material to the payment of money by the financial institution which was ultimately reimbursed by the SBA causing damages to the United States.

16. All of the conduct alleged in this Complaint is alleged to have occurred "knowingly" or with reckless disregard, as those terms are defined in the False Claims Act, 31 U.S.C. § 3729 and related case law during the year 2021.

The United States realleges and incorporates all paragraphs above of this Complaint as fully set forth herein in all Counts listed below:

## COUNT I
### Violations of 31 U.S.C. § 3729(a)(1)(A) – False Claims Act – Presenting and Causing False Claims

1. Defendant, Darlene Johnson, through her own acts and through her various agents, knowingly presented or caused to be presented to an agency, officer, or employee of the United States false or fraudulent claims for payment in violation of 31 U.S.C. § 3729(a)(1)(A).

2. The United States, unaware of the foregoing circumstances and conduct of Defendant, Darlene Johnson, made full payments, which resulted in its being damaged in an amount of $20,916.79 together with other damages to be determined.

3. The United States is entitled to a civil penalty as required by 31 U.S.C. § 3729(a) for each of the fraudulent claims.

## COUNT II
### Unjust Enrichment

1. This is an action to recover monies by which Darlene Johnson has been unjustly enriched. Due to Defendant's improper practice, the United States paid the Defendant monies she was not entitled to.

2. By reason of its payments, the United States is entitled to damages in an amount of $20,916.79 together with any other damages to be determined to be determined by the jury.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, Plaintiff United States of America prays that the Court enter judgment against Darlene Johnson and grant the following relief:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States the maximum civil penalty for each false claim, statement, and record;

(c) awarding the United States the damages sustained and/or amounts by which Defendant was unjustly enriched;

(d) awarding the United States litigation costs and pre-judgment and post-judgment interest and filing fees;

(e) granting such other relief as the Court may deem just and proper.

The United States further demands a trial by jury of all issues so triable pursuant to Fed. Rule Civ. P. 38.

Respectfully submitted this 21st day of April 2022.

            CLAY JOYNER
            United States Attorney
            Northern District of Mississippi

By:  /s/ J. Harland Webster_____
    J. Harland Webster - MS BAR #102458
    Assistant United States Attorney
    Northern District of Mississippi
    Ethridge Professional Building
    900 Jefferson Avenue
    Oxford, MS 38655-3608
    Telephone: (662) 234-3351
    E-Mail: joseph.webster@usdoj.gov